## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT MENDEZ JR., Individually and on Behalf of the Estate of ISABEL HUERTA, Deceased, et al., | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No.  SA:15-CV-00340-XR |
| FCA US LLC and CHRYSLER GROUP LLC, | § § § | |
| *Defendants*. | § § § | |

### ORDER

On this day, the Court considered Plaintiffs' motion to remand.

### BACKGROUND

Plaintiffs Robert Mendez, Jr., individually and on behalf of the estate of Isabel Huerta, deceased, along with Barbara J. Saenz, individually, Raul D. Mendez, individually, Lucia Tijerina, individually, and Carolyn A. Mendez, individually, ("Plaintiffs") filed suit in the 285th Judicial District Court of Bexar County, Texas against Defendants FCA US LLC and Chrysler Group LLC on March 17, 2015.[1] Docket no. 1, Ex. 3 at 2.  Plaintiffs seek survival and wrongful death damages under theories of strict liability, negligence, and breach of warranty stemming from an incident where Isabel Huerta was run over and killed by her Chrysler PT Cruiser.  Plaintiffs' Original Petition alleges that "[a]lthough Defendant FCA US LLC is a foreign corporation, it is

---

[1] Defendant FCA US LLC alleges that FCA US LLC and Chrysler Group LLC are the same entity and that, effective December 15, 2014, the entity previously known as Chrysler Group, LLC is now known as FCA US LLC.  Docket no. 1 at 2.

comprised of various Texas citizens and residents. Thus, diversity jurisdiction does not exist between Plaintiffs and Defendants."  Docket no. 1, Ex. 3, at 2.

On April 28, 2015, Defendant FCA US LLC filed a Notice of Removal asserting that complete diversity existed at the time of the underlying action's filing and removal. Docket no. 1 at 1-2.  Defendant alleged that removal was proper because all Plaintiffs are citizens of Texas, but "FCA US LLC is a Delaware LLC and an indirect, wholly owned subsidiary of Fiat Chrysler Automobiles N.V., a foreign publicly held company that is not a citizen of any state in the United States." *Id*. at 3.  This Court found that Defendant had not adequately alleged the citizenship of its members, and on May 7 ordered Defendant to file an Amended Notice of Removal that adequately alleged its citizenship to determine whether complete diversity existed.  Docket no. 4 at 2.

Defendant FCA US LLC filed its Amended Notice of Removal on May 20, 2015. Docket no. 5.  FCA US LLC reasserted that it is an entity formerly known as Chrysler Group LLC incorporated in Delaware, but added that its principal place of business is in Auburn Hills, MI.  *Id*. at 3. FCA US LLC further added that its sole member is FCA North America Holdings LLC, an entity incorporated in Delaware with its principal place of business in New York.  FCA North America Holding LLC's sole member is Fiat Chrysler Automobiles N.V., a publicly traded company incorporated in the Netherlands with its principal place of business in London. *Id*.  FCA US LLC thus asserted that neither it nor its members were citizens of Texas, that this Court has subject matter jurisdiction, and that removal was proper.  *Id*. at 3-4.

Plaintiffs filed their Motion to Remand on May 29, 2015, claiming that the Defendant failed to adequately allege in the notice of removal the citizenships of FC US

LLC.  Docket no. 7 at 4.  Specifically, Plaintiffs assert that the UAW Retiree Medical Benefits Trust ("VEBA Trust") is a member of FCA US LLC and a citizen of Texas. Plaintiffs contend that the VEBA Trust had over 13,000 beneficiaries in Texas as of 2013, that the beneficiaries' citizenship must be considered for diversity purposes, and that therefore complete diversity does not exist.  Docket no. 7 at 4-5.  Plaintiffs argue that while "the VEBA Trust purportedly sold all [its] interests" in the Defendants "a lack of SEC filings evidencing this transaction creates doubt."  *Id.*

FCA US LLC filed its response in Opposition to Plaintiffs' Motion to Remand on June 3, 2015, reasserting its claims from its Amended Notice of Removal, denying that the VEBA Trust is a member of FCA US LLC, and maintaining its assertion that complete diversity exists.  Docket no. 8.

## STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  Removal is proper if the federal court would have had original jurisdiction.  *Id.* If, at any time before judgment, it appears that a district court lacks subject matter jurisdiction, the case shall be remanded to the state court.  *See* 28 U.S.C. § 1441(a).  For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants."  *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co of N.A.,* 841 F.2d 1254, 1258 (5th Cir. 1988).  The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Inc. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

3

The burden of persuasion for establishing diversity jurisdiction is on the party that asserts it.  *Hertz Group v. Friend*, 599 U.S. 77, 96 (2010); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The removal statute is strictly construed in favor of remand.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  When challenged on allegations of jurisdictional facts, the party seeking removal must support its allegations with competent proof.  *Hertz*, 599 U.S. at 96-97; *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Such allegations must be justified by a preponderance of the evidence.  *McNutt*, 298 U.S. at 189; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

## ANALYSIS

The citizenship of an LLC is determined by the citizenship of each of its members.  *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).  Thus the Court must consider whether the VEBA Trust is a member of FCA US LLC.

Plaintiffs argue that while there are SEC forms detailing securities transactions pertaining to the sale of interests in GM and Ford (which are submitted as exhibits A and B to their motion), "there is no similar filing evidencing the purported sale of the VEBA Trust's interest in Chrysler to Defendant FCA LLC."  *Id*. at 4.  Plaintiffs also included Exhibit C, a press release from the Chrysler Group dated January 1, 2014 announcing an agreement with the UAW to make additional contributions to the VEBA Trust in exchange for the sale of the VEBA Trust's interest in Chrysler.  *Id*. at 11.  This agreement states that, pursuant to a memorandum of understanding, Chrysler will make four annual installment payments to the VEBA Trust, the first of which would be made "on closing of

4

a transaction in which the VEBA Trust will sell to Fiat North American, one of Fiat's wholly owned subsidiaries, all of the VEBA Trust's equity interest in Chrysler." Plaintiffs point to the ongoing obligation to make contributions to the VEBA Trust and note that the VEBA Trust has made similar transactions in the past (with regard to GM and Ford) that have been filed with the SEC, but there is no such filing for Chrysler demonstrating a final transfer of interests.  Plaintiffs argue that this evidence shows that "the VEBA Trust still has membership interest in Defendant LLC, which should be considered for purposes of diversity jurisdiction."  *Id.* at 4-5.

Plaintiffs also cite *Berry v. Chrysler Group, LLC.*, 2013 WL 416218 at 1 (S.D. Tex. Jan. 31, 2013), a strict liability and negligence case filed in federal court against the Chrysler Group, LLC.  In *Berry*, the court dismissed the case for lack of jurisdiction because it was undisputed at the time (January 2013) that the VEBA Trust was a member of FCA US LLC, and the court concluded that the citizenship of the Trust beneficiaries, which included Texas citizens, had to be considered for diversity jurisdiction purposes.

Defendant argues that FCA US LLC can carry its burden to show diversity by a preponderance of the evidence.  Docket no. 8 at 5.  Defendant asserts that the VEBA Trust sold all of its equity interest in Chrysler to Fiat North America as stated in the press release such that the VEBA Trust was not a member of FCA US LLC at the time of removal.  *Id.* at 8.  Defendant asserts that it was not required to file an SEC Form 4 pertaining to the sale of the VEBA Trust's interest in Chrysler.  *Id.*  To further rebut Plaintiffs' assertions, Defendant provides an affidavit by Louann Van Der Wiele, Vice President and Associate General Counsel, FCA US LLC.  *Id.* at 5-6. Van Der Wiele states that the VEBA Trust is not a member of FCA US LLC and was not at the time this

lawsuit was filed or at the time of removal.  *Id*. at 4.  Her affidavit supports the statements in the Amended Notice of Removal concerning the existence and citizenship of Defendant's members.

While the *Berry* court remanded because the VEBA Trust was a member of the Chrysler Group LLC in January 2013, Defendant has provided competent proof that the VEBA Trust is not a member of FCA US LLC.  The Court finds from a preponderance of the evidence before it at this time that the VEBA Trust is not a member of FCA US LLC, that none of its members are citizens of Texas, and that there is therefore complete diversity of citizenship among the parties.[2]

## CONCLUSION

The motion for remand (docket no. 7) is DENIED.

SIGNED this 30th day of June, 2015.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE

---

[2] Of course, the Court has a continuing duty to examine its subject matter jurisdiction.  Plaintiffs may conduct jurisdictional discovery and move for remand again if they obtain new evidence concerning the citizenship of the parties that indicates a lack of diversity.